NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CAROL H. HOWARD,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

_____

2023-2206

_____

Petition for review of the Merit Systems Protection Board in No. SF-1221-15-0609-B-1.

_____

Decided:  December 6, 2024

_____

CAROL H. HOWARD, Apple Valley, CA, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

_____

Before MOORE, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

PER CURIAM.

Pro se appellant Carol H. Howard appeals a final decision of the Merit Systems Protection Board denying her request for corrective action. For the following reasons, we affirm the Board's decision.

## BACKGROUND

Ms. Howard was a Correctional Treatment Specialist for the Federal Bureau of Prisons ("BOP" or "agency") at the Federal Correctional Complex in Victorville, California. SAppx2; SAppx11.[1]  In this position, Ms. Howard had to meet certain physical standards, such as performing self-defense movements. SAppx65–66.  In 2009, Ms. Howard was injured on the job and received work-related accommodations. SAppx65–66.  In July 2014, the agency proposed her removal for physical inability to perform her work duties due to her work-related injury. SAppx65–68. In September 2014, the BOP removed Ms. Howard. SAppx69–72.  According to Ms. Howard, she would have reached retirement eligibility from the agency in 2015. Appellant Informal Br. 3.

While her proposed removal was pending, Ms. Howard filed a whistleblower reprisal complaint before the Office of Special Counsel ("OSC"), alleging she was wrongfully removed in retaliation for whistleblowing. SAppx76.  In her OSC complaint, Ms. Howard alleged that she made six protected disclosures to the agency which resulted in her removal from the agency.[2]  SAppx4.  The OSC closed Ms.

---

[1]  "SAppx" refers to the supplemental appendix accompanying the appellee's responding brief.

[2]  An employee may bring a claim under the Whistleblower Protection Act, showing that she made a "protected disclosure," which is the disclosure of information that she reasonably believes "evidences (i) a violation of law, rule, or regulation, or (ii) gross

Howard's complaint, finding no proof of improper whistleblowing reprisal. SAppx2.

Ms. Howard then filed an individual right of action ("IRA") appeal with the Merit Systems Protection Board ("MSPB" or "Board"). SAppx85. This IRA appeal ultimately gave rise to the appeal before this court. SAppx2.

In the IRA appeal, the administrative judge ("AJ") denied Ms. Howard's request for corrective action. SAppx97–98. Ms. Howard petitioned for review of the AJ's initial decision. On review, the Board vacated the AJ's initial decision and remanded for further adjudication. SAppx7. The Board determined that the AJ failed to address six disclosures Ms. Howard identified in her OSC complaint as allegedly motivating her removal. The Board ordered the AJ to address the following disclosures on remand:

1. The lack of a RESOLVE program,[3] allegedly in violation of the agency's guidelines;

2. That all full-time psychology services were vacated at the camp and staff were called into work on an as-needed basis, allegedly to save costs so that the executive staff could receive bonuses;

3. That an inmate was not treated appropriately by the Chief of Psychology

---

mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." *Chambers v. Dep't of Interior*, 515 F.3d 1362, 1367 (Fed. Cir. 2008) (quoting 5 U.S.C. § 2303(b)(8)(a)).

[3] The RESOLVE program assists inmates in dealing with trauma that predates their incarceration. SAppx51.

after she alleged she had been threatened by other inmates;

4. Reprisal for allegations of discrimination that Ms. Howard raised in 2014 on behalf of herself and others in her role as a union representative, and reprisal for her own equal employment opportunity (EEO) complaints;

5. That a particular employee had a degree in philosophy, not psychology, but was permitted to practice on inmates, which was illegal and harmful; and

6. That the agency hired unlicensed psychologists to practice on inmates.

SAppx3–5.

On remand, and without holding an additional hearing, the AJ denied Ms. Howard's request for corrective action. SAppx9 ("Remand Decision"). The AJ determined that Ms. Howard failed to prove by preponderant evidence that her six disclosures were protected under the law. *See* SAppx21–26. The AJ then found that, assuming Ms. Howard made protected disclosures, the agency showed by clear and convincing evidence that it would have taken the same action absent the disclosures. SAppx26. Ms. Howard petitioned for review of the AJ's Remand Decision.

Back on review, the Board affirmed-in-part the AJ's Remand Decision, concluding that Ms. Howard failed to meet her burden of proving she made protected disclosures. SAppx48–49 ("Final Decision"). The Board narrowly vacated the AJ's Remand Decision concerning the AJ's alternative finding that the agency would have taken the same action in the absence of a disclosure. SAppx47. The Board explained that the AJ cannot proceed to that inquiry unless it first finds that the appellant established that she made a protected disclosure. SAppx50.

Ms. Howard appeals the Board's Final Decision.

### STANDARD OF REVIEW

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*

### DISCUSSION

On appeal, Ms. Howard alleges that the Board's Final Decision is arbitrary and capricious because it did not consider certain facts relating to her time of employment. Appellant Informal Br. 2. Ms. Howard also argues that the Board legally erred by failing to rely on certain laws. *Id.* For the following reasons, we affirm the Board's Final Decision.

Turning first to Ms. Howard's factual challenge, Ms. Howard alleges that the Board wrongfully overlooked that:

1. Her injury was work-related;

2. She was terminated in retaliation for protected disclosures of "sexual abuse of staff and inmates, denial of veterans benefits, racism, sexism, etc." and that her termination occurred after 19 years and 10 months of "outstanding" job performance and 10 months shy of her retirement;

3. & 4., She received yearly outstanding job performance ratings, including one four months prior to her termination;[4]

---

[4] Ms. Howard's third and fourth points were repetitive and are thus grouped together here.

5. An agency policy allowed transfers of "executive staff" whose safety was of concern but terminated "regular staff" who had the same concern;

6. A BOP attorney stated that the "Black Warden" was assigned to the "Black staff" to deflect any complaints of racism.

Appellant Informal Br. 2.

Ms. Howard's factual challenge fails. Ms. Howard does not explain, nor do we discern, how such facts relate to the Board's Final Decision. The Board determined that Ms. Howard's disclosures to the agency did not qualify as protected disclosures under the law. These new facts raised on appeal do not relate to Ms. Howard's alleged protected disclosures concerning agency practices and programs and also alleged discrimination based on her role as a union representative. To the extent Ms. Howard seeks to raise new whistleblower claims on appeal, such claims are barred as waived. *Kachanis v. Dep't of Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000) ("[A]ppellants may not raise issues on appeal for the first time.").[5]

Turning to Ms. Howard's legal challenge, Ms. Howard argues the Board applied the wrong law and lists several statutes and cases that the Board should have applied instead. Appellant Informal Br. 2 (referencing 5 U.S.C. §§ 2302, 1214, and 1221, two Federal Circuit cases and two MSPB cases). This argument fails. The statutes Ms. Howard lists were cited and applied in the Board's Final Decision. *See* SAppx24; SAppx49. Additionally, the cases

---

[5]    Additionally, although regrettable timing, Ms. Howard's removal months shy of her alleged retirement does not, without more, call into question the validity of the Board's Final Decision.

that Ms. Howard lists were not discussed by the Board because they do not apply to the facts of Ms. Howard's case. For example, Ms. Howard references *Carr v. Social Security Administration*, where the issue was whether the agency sufficiently showed that it would have removed the appellant absent her protected disclosures. 185 F.3d 1318, 1322 (Fed. Cir. 1999). Here, the Board did not reach this issue because Ms. Howard failed to show that she made any protected disclosures to begin with. SAppx48; SAppx50. Thus, *Carr* is inapposite to the facts of this case and the Board did not need to discuss it. We fail to see any legal error in the Board's Final Decision.

## CONCLUSION

We have considered Ms. Howard's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision.

## **AFFIRMED**

## COSTS

No costs.